**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARLI BOTICELLI and
DAWN SOUTHWICK,**

       **Plaintiffs,**

**v.**                                                                                  **CASE NO.:**

**ORTHOTIC & PROSTHETIC
CENTERS, INC.,**

       **Defendants.**
_____/

## COMPLAINT

Plaintiffs MARLI BOTICELLI and DAWN SOUTHWICK, by and through their undersigned counsel, bring this action against Defendant, ORTHOTIC & PROSTHETIC CENTERS, INC., for retaliation under the False Claims Act, 31 U.S.C. §§ 3729-3732 (the "Act"), to recover all damages, equitable relief, and other remedies established by the Act and in support thereof state as follows:

1.    This is an action to recover damages, equitable relief and other remedies arising from Marli Boticelli and Dawn Southwick's discharge in retaliation for identifying and opposing Defendant's violations of the False Claims Act arising from false or fraudulent records, statements, or claims, or any combination thereof, made, used or caused to be made, used or presented by the Defendants, their agents, employees, or co-conspirators, or any combination thereof, with respect to false claims made to the United States Department of Health and Human Services under the federal Medicare and Medicaid programs.

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345 and 31 U.S.C. §§ 1329-3732.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 31 U.S.C. § 3732(a) because Defendant transacts business within the district, and the acts proscribed by the False Claims Act occurred within the district.

4. Boticelli and Southwick have complied with all other conditions precedent to the filing of this action.

## The Parties

5. Plaintiff, Marli Boticelli, is a resident of Manatee County, Florida and she worked for Defendant in Pinellas County, Florida.

6. Plaintiff, Dawn Southwick, is a resident of Sarasota County, Florida and she worked for Defendant in Pinellas County, Florida.

7. Defendant is a Florida for-profit corporation which operates a medical practice throughout Florida, including in St. Petersburg, Pinellas County, Florida.

## Factual Allegations

8. Plaintiff, Marli Boticelli, began working for Defendant in April of 2018, and worked for Defendant until August 2018.

9. Plaintiff, Dawn Southwick, began working for Defendant in March of 2018, and worked for Defendant until August 2018.

10. At all times material, Defendant operated a medical practice that provided orthotic and prosthetic-related medical services and products to its clients.

11. As part of Defendant's regular business practices, Defendant frequently billed Medicare, Medicaid, and private insurance companies for such procedures.

12. During their tenure with Defendant, Plaintiffs observed and opposed Defendant's practice of knowingly presenting, and causing to be presented, false and fraudulent Medicare claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A) and 18 U.S.C. § 1347.

13. Further, Plaintiffs observed and opposed Defendant's regular business practice of making false statements that relate to health care matters, in violation of 18 U.S.C. § 1035.

14. At all times material, Defendant was a "covered entity" within the meaning of 45 C.F.R. § 162.100.

15. At all times material hereto, Defendant was a provider and supplier of Durable Medical Equipment, Prosthetics, Orthotics, and Supplies ("DMEPOS") within the meaning of 45 C.F.R. § 414.202.

16. Pursuant to 42 C.F.R. § 424.57(b), a DMEPOS supplier, such as Defendant, must enroll each separate physical location it uses to furnish Medicare-covered DMEPOS items in order to bill Medicare or Medicaid.

17. In violation of the regulations, Defendant regularly billed for DMEPOS items and fraudulently stated that medical services were performed in a different facility than the facility in which the services were actually performed.

18. Defendant's fraudulent business practices also resulted in Defendants billing twice for the same procedures.

19. Defendant would also retroactively change the dates that the services were actually provided.

20. Additionally, Plaintiffs complained to Defendant that it was also violating 45 § CFR 164.312. Under 45 § C.F.R 164.312, Defendant was required to ensure that Electronic Medical Records ("EMR") were not improperly modified or altered.

21. For instance, data recorded in EMRs is not supposed to be deleted. Instead, any mistakes or clarifications are supposed to be stricken out rather than deleted. Defendant used software which allowed it to circumvent this requirement. Thus Defendant could state, for the purposes of reimbursement, that Defendant had delivered DMEPOS products when it actually had not. If billing was denied, Defendant would go in the record and change the date and recharge Medicare, Medicaid, or the private insurance company. At times this resulted in two (2) charges when there should have only been one.

22. Plaintiffs complained about Defendant's aforementioned fraudulent and deceptive business practices frequently during their employment to Defendant's Human Resources Director Molly Forte, as well as other supervisory personnel at Defendant's facility.

23. Defendant retaliated against Plaintiffs' complaints about Defendant's unlawful conduct by subjecting them to a hostile work environment. For example, Defendant subjected Plaintiffs to frequent instances of intimidation, threats, and ridicule which were severe and pervasive enough to alter the terms and conditions of their employment.

24. Defendant retaliated against Plaintiff, Marli Boticelli, by subjecting her to meritless disciplinary action and a hostile work environment due to her complaints about Defendant's unlawful conduct. For instance, in July 2018, she received a positive evaluation

from Defendant. However, after she opposed Defendant's unlawful conduct, Defendant's Human Relations Director retroactively changed Plaintiff's performance evaluation to indicate negative performance in an attempt to dissuade other employees from reporting on Defendant's fraud and to impede Plaintiff's future employment prospects.

25. Defendant constructively discharged Plaintiff, Marli Boticelli, on or about August 2018 in retaliation for her complaints about Defendant's unlawful and deceptive business practices.

26. Defendant retaliated against Plaintiff, Dawn Southwick, because of her complaints by terminating her employment on or about August 2018.

27. Defendant's clients and the public have all been damaged as a result of Defendant's violations.

28. Plaintiffs' damages include lost pay and benefits and the loss of enjoyment of life.

29. Plaintiffs have engaged the undersigned lawyers and agreed to pay them a fee. They are entitled to reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(1).

WHEREFORE, the Plaintiffs, Marli Boticelli and Dawn Southwick, request that this Court grant the following relief:

(a) That judgment be entered against the Defendants for twice the amount of Marli Boticelli and Dawn Southwick's back pay, together with all other applicable special and compensatory damages sustained as a result of the retaliation;

(b) That they be reinstated into their positions or alternatively be granted front pay;

(c) That they be awarded all costs incurred including reasonable attorneys' fees;

(d) That they be awarded prejudgment interest; and

(e) That they receive all relief both at law and at equity that this Court determines appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated this 4th day of March, 2019.

      Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com